UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDIS PARRISH

      Plaintiff,

v.                                   CASE NO.: 8:10-cv-1684-T-23MAP

SEARS, ROEBUCK AND CO.,

      Defendant.

_____/

## ORDER

      The plaintiff sued (Doc. 2) in state court and alleged negligence based on the plaintiff's slipping and falling "on something wet" while on the defendant's premises. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332.

      Before addressing the merits of any case, a determination is required as to "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, the issue of subject-matter jurisdiction may be raised sua sponte "at any stage in the litigation." Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded."). This action must be remanded because the removing documents fail to establish a basis for federal jurisdiction.

      Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. The removing defendant bears the burden

of establishing facts supporting federal jurisdiction.  See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005).  If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.00.  Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  The defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  Williams, 269 F.3d at    1319-20.[1]

In this action, the defendant asserts that the amount in controversy exceeds $75,000.00, because the plaintiff stated in a request for admissions that the plaintiff seeks more than $75,000.00, exclusive of interest and costs.  However, neither the notice of removal nor the complaint (Doc. 2) provide any underlying fact supporting the conclusion that the plaintiff suffered damages in excess of the jurisdictional amount.  The sole evidence of the jurisdictional amount is an unsupported and speculative response to a request for admissions.  Although the admission qualifies as an "other paper" under 28 U.S.C. § 1446(b) and activates the thirty-day removal limitation, the

---

[1] See also Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008), ("Though the defendant in a diversity case . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.").

admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction.[2]

Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for lack of subject matter jurisdiction.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Polk County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on July 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "The court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires." 14AA WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3702 (3d ed. 2009); see also Lowery, 483 F.3d at 1213-15:

> [U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. . . . If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . .The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

(footnotes and citations omitted); MacDonald v. Circle K. Stores, Inc., 2009 WL 113377, *1 n.1 (noting that a plaintiff's responses to interrogatories "merely establish the possibility—not a probability—that the [p]laintiff's damages might exceed $75,000.").